IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE E. BEJARAN, JR.,

        Plaintiff,                         No. CIV S-08-0817 GEB GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS REHAB., et al.,

        Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Legal Standard for Eighth Amendment Claim

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

\\\\\

1   It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is <u>actually</u> aware. <u>Id.</u> at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id.</u> at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id.</u> at 840-42, 114 S. Ct. at 1981. However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to <u>competently</u> treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. <u>Id.</u>

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the

medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

Legal Standard for Claim Pursuant to the Americans with Disabilities Act (ADA)

Title II of the ADA applies to inmates in state prison. Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). In order to state a claim of disability discrimination under Title II of the ADA plaintiff must allege four elements: 1) he is an individual with a disability; 2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services...or was otherwise discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Analysis

The complaint names 38 defendants: Albertson, Andradi, Barlow, Berghorst, Braga, Brimball, Byers, Cardoza, Castro, Chesley, Davis, Delbarba, Enos, Franco, Hall, Hernandez, Hughes, Huesel, Kelsey, Labitoria, Loiler, Lueth, Malet, Mays, Mendoza, Mim, Moore, Nguyen, Oandasan, Pemental, Pepper, Peters, Placeras, Rodriguez, Reyes, Ruiz, Sergeant, Snell, and Street. Plaintiff violations of the Eighth Amendment, the ADA and state law. Plaintiff seeks money damages.

Plaintiff first alleges that on October 25, 2007, defendant Barlow examined him and prescribed various drugs. Standing alone, these allegations do not state an Eighth Amendment claim for inadequate care nor an ADA claim. Plaintiff does not allege how defendant Barlow's treatment of him on that day was improper. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that after he was returned to his cell, an institutional move took place. As a result, all inmates on the first tier (like plaintiff) were moved to the second tier.

Plaintiff told defendants Mays and Huesel that he should not be moved because he was an ADA inmate. Defendants responded that plaintiff still had to move per the sergeant's orders. Plaintiff told defendants that he had trouble walking up and down stairs. Defendants still insisted that plaintiff move. Plaintiff was then forced to carry his property up the stairs with defendants Enos, Sergeant, Delbarba and Chelsey present.

The allegations in the paragraph above state a colorable claim for relief against defendants Mays and Huesel. However, plaintiff pleads no facts demonstrating that defendants Enos, Sergeant, Delbarba or Chelsey knew of his ADA status or that he had trouble going up and down stairs. For this reason, the court finds that plaintiff has failed to state a colorable claim against these defendants. This claim is dismissed with leave to amend.

Plaintiff alleges that on November 16, 2007, defendant Street denied plaintiff's request for a cane. On November 19, 2007, plaintiff fell while coming up the stairs as his right leg gave out. Plaintiff has stated a colorable Eighth Amendment claim for relief against defendant Street.

Plaintiff alleges that there is a "hands on" policy requiring that inmates in administrative segregation (ad seg), like plaintiff, are to be escorted while moving around the prison. It appears that plaintiff is alleging that he was not escorted at the time he fell and had he been under escort, he would not have fallen. Plaintiff alleges that there was no proper escort from defendants Braga, Cardoza, Andradi, Castro or Berghorst. Plaintiff alleges that defendants Rodriguez, Ruiz and Berghorst did not fix this problem after they learned of it. Plaintiff also alleges that as supervisors, defendants Labitoria, Loiler, Mim, Albertson, Franco and Enos were negligent in managing their staff.

Plaintiff does not describe the circumstance which lead to him walking up the stairs without an escort. While plaintiff alleges that defendants Braga, Cardona, Andradi, Castro or Berghorst failed to provide a proper escort, plaintiff includes no other factual allegations supporting this conclusory assertion. Without further information, the court cannot determine

6

whether plaintiff has stated a colorable claim against any of the defendants alleged to have been involved in plaintiff's failure to receive an escort. Most importantly, to state a colorable Eighth Amendment claim as to these defendants, plaintiff must demonstrate that they were aware of his medical problems which precluded him from going up and down stairs. Accordingly, this claim is dismissed with leave to amend.

After plaintiff fell, defendant Braga told plaintiff not to move. Defendants Cardoza, Andradi, Castro, Kelsey, Davis, Berghorst and Huesel arrived. Defendant Braga told the other defendants that plaintiff had a bad knee. Defendant Berghorst stated, "stop acting like a bitch and get up." Plaintiff stated that he could not feel his legs. A nurse arrived and said, "he has no feeling."

The allegations set forth above do not state a colorable claim against any of the defendants. Plaintiff alleges that he fell and received medical treatment from a nurse. There are no allegations suggesting that any of the defendants acted with deliberate indifference to plaintiff's serious medical needs. While defendant Berghorst made a rude and unprofessional comment, this did not constitute deliberate indifference.

Plaintiff was then carried to the medical department on a gurney, where he was left for hours without any treatment. Defendant Cardoza was relieved by defendant Franco after several hours and plaintiff was placed in a wheelchair and taken to see a doctor. During this time, plaintiff was in pain. These allegations state a colorable claim for relief against defendants Franco and Cardoza.

Plaintiff was examined by defendant Byers. Defendant Byers gave plaintiff and shot and determined that he needed a cane for mobility assistance. Defendant Franco stated that he was not sure if plaintiff could have a cane in administrative segregation (ad seg). As he wheeled plaintiff out of the clinic, defendant Franco asked defendant Loiler if plaintiff could have a cane. Defendant Loiler said no.

\\\\\

Plaintiff alleges that defendant Byers prescribed a cane and defendant Loilers refused this request. These allegations state a colorable claim for relief against defendant Loilers but not defendant Byers. The allegations in the paragraph above also fail to state a colorable claim for relief against defendant Franco, as it was defendant Loiler who denied the request for a cane.

Plaintiff alleges that on November 20, 2007, plaintiff asked defendant Castro to call for his cane "with no availability." These allegations are too vague and conclusory for the court to determine whether plaintiff has stated a colorable claim for relief against defendant Castro. For example, plaintiff does not allege what action defendant Castro took in response to plaintiff's request for a cane. It is unclear what plaintiff means by "with no availability." Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that on November 20, 2007, he asked defendant Hughes for a cane. Defendant told plaintiff that he would look into it. On November 21, 2007, plaintiff told defendant Ruiz that he was "ADA" and needed a cane, but defendant Loiler said he could not have a cane. Defendant Ruiz told plaintiff that she would look into it. The court construes plaintiff to be alleging that these defendants were made aware of his need for a cane and ignored it. These allegations state a colorable claim for relief against defendants Ruiz and Hughes.

Plaintiff alleges that on November 13, 2007, defendant Dr. Oandasan examined plaintiff in the emergency room due to blood in plaintiff's rectum. Plaintiff asked defendant Oandasan for a lower tier chrono. Defendant examined plaintiff's right leg and determined that he should be on a lower tier. Defendant Oandasan increased plaintiff's prescription for gabapentin and returned plaintiff to his cell.

Later in the complaint, plaintiff alleges that on November 20, 2007, he asked defendant Oandasan again for a lower tier chrono. Defendant said he has signed it and that the nurse sent it to the Chief Medical Officer, but that defendant had not received it back.

\\\\\

1  Plaintiff alleges that on November 20, 2007, he asked defendant Rodriguez to
2 look into plaintiff being moved to the first tier. Plaintiff alleges that defendant said he would look
3 into it "with no avail." On November 23, 2007, defendant Nguyen gave plaintiff a lower tier
4 chrono. These allegations do not state a colorable Eighth Amendment claim because they allege
5 that defendant Nguyen gave plaintiff what he wanted.

6  Plaintiff received his lower tier chrono ten days after defendant Oandasan
7 determined plaintiff required the chrono. While waiting for the lower tier chrono, plaintiff fell.
8 However, on November 20, 2007, defendant Oandasan told plaintiff that he was waiting for the
9 Chief Medical Officer to approve his request for plaintiff to have a lower tier. These allegations
10 suggest that defendant Oandasan did not act with deliberate indifference to plaintiff's serious
11 medical needs. If plaintiff is alleging that defendant Oandasan should have taken additional steps
12 so that plaintiff could receive the lower tier cell sooner, he must provide additional information
13 to support such a claim. The allegations suggest that defendant Oandasan was following the
14 established procedures for obtaining a medical chrono.

15  The court does not find that plaintiff has stated a colorable claim against
16 defendant Rodriguez based on the allegation that his request to defendant for a lower tier chrono
17 on November 20, 2007, was to no avail. According to the other allegations, at that time the Chief
18 Medical Officer had to approve defendant Oandasan's request for the chrono. There is no claim
19 that defendant Rodriguez could have done anything to speed up this process.

20  Plaintiff alleges that on December 11, 2007, defendant Byers gave plaintiff a cane
21 and a lower tier chrono. These allegations also fail to state a colorable Eighth Amendment claim
22 because they allege that defendant Byers gave plaintiff what he wanted.

23  Plaintiff alleges that on December 12, 2007, he saw defendant Dr. Malet for a
24 follow-up examination for blood in his rectum. Plaintiff allege that defendant Malet decreased
25 plaintiff's medication without checking his nerve damage. Plaintiff does not allege that he
26 suffered any injury as a result of defendant Malet's decision to decrease his medication. Without

9

knowing what type of injury, if any, plaintiff suffered, the court cannot determine whether he has stated a colorable claim for relief against defendant Malet. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that on December 27, 2007, defendant Street decided not to give plaintiff medication for plaintiff's lower back and knee pain without examining plaintiff. She instead referred plaintiff to a nerve doctor. Plaintiff continued to suffer pain. These allegations state a colorable claim for relief against defendant Street.

On the morning of January 8, 2008, plaintiff told defendants Mayes and Mendoza that his back pain was so bad he could not move. Plaintiff was taken to the medical department after dinner. Defendant Mayes and Mendoza told plaintiff that they could not take him because the gurney was missing. These allegations state a colorable claim for relief against defendants Mayes and Mendoza.

On January 22, 2008, defendant Peters prescribed medication for plaintiff to which he is allergic. After plaintiff told defendant Peters that he was allergic to the medication, defendant prescribed another medication for the allergic reaction. Plaintiff alleges that this did not make sense. Plaintiff does not allege whether he took any of the mediation that defendant Peters prescribed. Plaintiff's statement that defendant Peters did not "make sense" when he ordered the two medications does not state a colorable Eighth Amendment claim. Accordingly, this claim is dismissed with leave to amend.

The complaint contains no specific allegations against defendants Brimball, Hall, Hernandez, Lueth, Moore, Pemental, Pepper, Placeres, Reyes and Snell.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Brimball, Hall, Hernandez, Lueth, Moore, Pemental, Pepper, Placeres, Reyes and Snell to any of the alleged deprivations, the claims against these defendants are dismissed with leave to amend.

The complaint does not state a colorable ADA claim.  Plaintiff does not allege that he was excluded from a program because of his disability.  Accordingly, plaintiff's ADA claims are dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Fed. R. Civ. P. 8 requires complaints to contain short and plain statements of the claims. If plaintiff files an amended complaint, it may be no longer than 20 pages long.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against all defendants but for those found colorable against defendants Mays, Huesel, Street, Loiler, Hughes, Ruiz, Franklin, Cardoza and Mendoza are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

/////

/////

5. Plaintiff's April 14, 2008, motion for appointment of counsel is denied.

DATED: 05/08/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

bej817.b1