1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JESSE E. BEJARAN, JR.,

11        Plaintiff,                         No. CIV S-08-0817 GEB GGH P

12     vs.

13  CALIFORNIA DEPARTMENT OF
    CORRECTIONS REHAB, et al.,
14
          Defendants.                        ORDER
15
    _____/
16

17          On May 5, 2008, the court found that the original complaint stated a colorable
18  claim for relief and ordered plaintiff to return the forms necessary to effect service within thirty
19  days. On May 23, 2008, plaintiff filed an amended complaint. On May 30, 2008, plaintiff filed a
20  second amended complaint. Accordingly, the court will screen the second amended complaint.
21  Fed. R. Civ. P. 15.
22          The first three paragraphs of the second amended complaint identify the
23  defendants. However, the second amended complaint goes on to discuss claims against other
24  defendants. The second amended complaint also makes claims against persons not identified as
25  defendants. For example plaintiff alleges that P/A Street took his cane. Second Amended
26  Complaint, ¶ 5. However, P/A Street is not identified as a defendant. Because it is not clear

                                            1

whom plaintiff intends to name as defendants, the second amended complaint is dismissed with leave to file a third amended complaint.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The third amended complaint must clearly identify the defendants and describe how each defendant violated plaintiff's constitutional rights.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint filed May 30, 2008, is dismissed with thirty days to file a third amended complaint;

2. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint;

3. Plaintiff's May 23, 2008, and May 30, 2008, motions for the appointment of counsel (#9 and # 14) are denied.

DATED: 07/23/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:ja
beja0817.31(2)