IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE E. BEJARAN, JR.,

    Plaintiff,                              No. CIV S-08-0817 GEB GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS REHAB., et al.

    Defendants.

_____/        <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. On July 23, 2008, the court dismissed the second amended complaint with leave to file a third amended complaint. On July 18, 2008, plaintiff filed a motion for leave to file an amended complaint and a third amended complaint.

        The third amended complaint alleges that plaintiff received inadequate medical care. As relief, plaintiff seeks declaratory and injunctive relief only. However, in the separately filed motion for leave to amend plaintiff states he is also seeking money damages.

        A complaint must contain all claims against all defendants. Local Rule 15-220. In other words, the court cannot refer to multiple pleadings in order to determine plaintiff's claims. Plaintiff's amended complaint does not comply with Local Rule 15-220 because it does

1

not contain the request for money damages. For this reason, the third amended complaint is dismissed with leave to file a fourth amended complaint.

The court also observes that all defendants are located at Deuel Vocational Institute (DVI). On August 28, 2008, plaintiff filed a notice of change of address indicating that he has been transferred to California State Prison-Corcoran. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). For these reasons, plaintiff's claim for injunctive relief is moot. If plaintiff files a fourth amended complaint, he should not include a claim for injunctive relief.

The court observes that plaintiff's factual allegations, as pled, state colorable claims for relief against defendants. Plaintiff is granted leave to amend to cure the pleading deficiency associated with his claims for relief.

Plaintiff has also filed two motions for the appointment of counsel. Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The third amended complaint filed August 19, 2008, is dismissed with thirty days to file a fourth amended complaint; failure to file a fourth amended complaint will result in a recommendation of dismissal of this action;

/////

1 | 2. Plaintiff's August 18, 2008, motion for leave to fie an amended complaint (#
2 | 20) is denied;
3 | 3. Plaintiff's motions for appointment of counsel (# 18, # 22) are denied.
4 | DATED:  10/03/08                                    /s/ Gregory G. Hollows
5 |                                                     UNITED STATES MAGISTRATE JUDGE
6 | bej817.1