IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE BEJARAN, | ) | No. CIV. S-08-00817 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF | ) | |
| CORRECTIONS REHAB., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER AND ORDER DISMISSING IN PART PLAINTIFF'S
AMENDED COMPLAINT

On August 14, 2009, Plaintiff filed his most recent amended complaint. After reviewing the amended complaint, the Court finds that certain claims are clearly deficient and, therefore, are DISMISSED. If the allegations of the remaining claims in the amended complaint are proven, Plaintiff has a reasonable opportunity to prevail on the merits of this action.

BACKGROUND

State prisoner, Jesse E. Bejaran, ("Plaintiff") is incarcerated at California State Prison, located in Corcoran, California. On April 14, 2008, proceeding pro se, Plaintiff filed a prisoner civil rights complaint and an

application to proceed in forma pauperis.  (Doc. ## 1 & 2.)  The Court granted the in forma pauperis application on January 8, 2009.  (Doc. # 6.)  In his complaint, Bejaran alleges that employees of the Deuel Vocational Institute in Tracy, California ("DVI Tracy"), were deliberately indifferent to his serious medical needs.

Plaintiff brings these claims pursuant to 42 U.S.C. § 1983, alleging that the California Department of Correctional Rehabilitation ("CDCR") and DVI Tracy employees Correctional Officer ("C/O") Mayes, C/O Huesel, C/O Braga, C/O Loiler, C/O Franco, C/O Cardoza, C/O Mendoza, Physician Assistant ("P/A") Street, Sergeant ("Sgt.") Hughes, Lieutenant ("Lt.") Ruiz, and Lt. Rodriguez (collectively, "Defendants") acted with deliberate indifference to his medical needs, health, and safety.  Plaintiff alleges that Defendants: (1) denied him a cane; (2) denied Plaintiff housing on the first tier; (3) denied Plaintiff medical treatment and medication; and (4) ignored the prison's "inmate escort policy."

Plaintiff was determined to be an American with Disabilities for existing leg injuries on October 12, 2007.  Doctors at DVI Tracy also established that Plaintiff was disabled almost two weeks later.  Nevertheless, Plaintiff was ordered to move to the second tier of the prison despite the fact that most disabled

prisoners were housed on the first tier.  Plaintiff was required to walk up the stairs with all his belonging to the second tier.

On November 13, 2007, Dr. Oandasan ordered that Plaintiff be given a cane and for Plaintiff to be housed on the lower tier as is customary for prisoners with disabilities.  Three days later, Plaintiff asked P/A Street for a cane.  On that same day, Plaintiff alleges P/A Street denied his request and told Plaintiff he was not disabled.

Six days later, Plaintiff alleges C/O Braga put mechanical restraints on Plaintiff and ordered him to go up the flight of stairs with no escort.  C/O Braga ordered this despite Plaintiff's classification as a maximum custody inmate, and her prior knowledge of Plaintiff's injuries.  Plaintiff proceeded up the stairs per C/O Braga's orders when his right leg went out and Plaintiff fell down seven steps.  C/O Braga was informed by an inmate of Plaintiff's fall and she then went to check on him.  C/O Braga called a nurse over to check on Plaintiff because he could not feel his legs.  The nurse concluded that a gurney would be needed to transport Plaintiff to the infirmary for further examination.  Plaintiff contends he remained without medical treatment and in his handcuffs for approximately four hours after his fall under the supervision of C/O Cardoza and C/O Franco.

3

C/O Franco eventually transported Plaintiff in a wheelchair against Plaintiff's wishes, causing him severe back pain. While in the wheelchair, Plaintiff asked C/O Franco for a cane and requested to be moved to the first tier. C/O Franco asked C/O Loiler if Plaintiff could have a cane and be moved, and C/O Loiler denied both of Plaintiff's requests, so C/O Franco returned Plaintiff to his cell on the second floor.

Due to Plaintiff's fall, he placed sick call forms to see doctors for his injuries. Although he had appointments on November 27, 2007, December 6, 2007, December 9, 2007, and December 11, 2007, each time he could not receive treatment because his file was unavailable.

On November 20, 2007, Dr. Oandasan told Plaintiff he signed papers authorizing him to move to the first tier and to be given a cane. On that same day, Plaintiff asked C/O Castro and Sgt. Hughes for a cane. Sgt. Hughes told Plaintiff that he would look into the matter. The following day, Plaintiff asked Lt. Ruiz for a cane. In the same conversation, Lt. Ruiz asked Plaintiff why he was not housed on the first tier like the other disabled prisoners. Lt. Ruiz informed the Plaintiff that she would look into the matter. Plaintiff did not receive a cane until more than a month later, on December 22, 2007.

On November 23, 2007, Plaintiff saw the doctor for an unrelated ailment. After some inquiries, Dr. Nguyen determined that Plaintiff needed to be transferred back to the first tier. Plaintiff moved that same day.

Plaintiff visited P/A Street about severe lower back pain on December 12, 2007. P/A Street refused to examine Plaintiff or give him medication. Again on December 27, 2007, P/A Street refused to examine Plaintiff's lower back or provide him with medication for the pain. Consequently, Plaintiff filed an appeal against P/A Street and two days later, Dr. Duggar gave Plaintiff the medication that P/A Street previously denied him. On January 4, 2008, Plaintiff sent a letter to Warden Moore explaining his medical needs.

At approximately 9 a.m. on January 8, 2008, Plaintiff's back went out. C/O Mendoza and C/O Mayes refused to take Plaintiff to the infirmary because according to them there was no gurney available. Plaintiff was not taken to the infirmary until 4:30 p.m. after his cell mate filled out an inmate request form. Plaintiff was finally administered medication at 7:30 p.m.

On April 14, 2008, Plaintiff filed his first complaint. (Doc. # 1.) On May 8, 2008, Magistrate Judge Gregory G. Hollows granted Plaintiff's motion to proceed in forma pauperis and denied Plaintiff's motion for appointment of counsel (together the "IFP Order"). (Doc. # 6.) In the IFP Order, the Court

dismissed all of Plaintiff's claims except those against Mayes, Huesel, Street, Loiler, Hughes, Ruiz, Franklin, Cardoza, and Mendoza. (IFP Order at 12.) In light of Plaintiff's pro se status, the Court granted Plaintiff leave to amend. (Id. at 11.) On May 16, 2008, Plaintiff was transferred to his present facility of incarceration, the California State Prison at Corcoran. (Doc. # 8.)

Plaintiff amended his complaint and once again filed a motion requesting appointment of counsel on May 23, 2008. (Docs. ## 11, 9.) On May 30, 2008, Plaintiff filed a second amended complaint and a motion for appointment of counsel (together, the "Second Amended Complaint"). (Docs. ## 15, 14.) On July 23, 2008, Magistrate Judge Gregory G. Hollows dismissed without prejudice Plaintiff's Second Amended Complaint because Plaintiff did not clearly identify Defendants and denied Plaintiff's motion for appointment of counsel ("July 23, 2008 Order"). (July 23, 2008 Order at 1.)

Plaintiff filed an amended complaint and made another motion for appointment of counsel on August 18, 2008 (together, the "Third Amended Complaint"). (Docs. ## 21, 22.) On October 3, 2008, Magistrate Judge Gregory G. Hollows dismissed without prejudice Plaintiff's Third Amended Complaint because Plaintiff sought injunctive relief and denied Plaintiff's motion for appointment of counsel ("October 3, 2008 Order"). (October 3, 2008 Order at 1.)

Plaintiff's claims for injunctive relief were deemed moot because Plaintiff had been transferred from the DVI Tracy to the California State Prison at Corcoran. (Id. at 2.)  On October 22, 2008, Plaintiff amended his complaint and made a motion for appointment of counsel (together, the "Fourth Amended Complaint"). (Docs. ## 28, 29.)  On March 2, 2009, Plaintiff made an additional request for appointment of counsel.  (Doc. # 34.)  On July 28, 2009 this Court dismissed Plaintiff's Fourth Amended Complaint in part with leave to amend.  (Doc. # 37). On October 16, 2009 this Court denied Plaintiff's new motion for appointment of counsel. (Doc # 41.)

In the July 28, 2009 Order, this Court dismissed with leave to amend the following claims:  all ADA claims, deliberate indifference against C/O Franco for denying use of a cane, deliberate indifference against C/O Franco for denying housing on the first tier, deliberate indifference against C/O Braga as to the "hands on policy," and all claims against Warden Moore.  The Court allowed the following claims to proceed:  deliberate indifference against P/A Street, Sgt. Hughes, Lt. Ruiz, and C/O Loiler for denying use of a cane; deliberate indifference against C/O Mayes, C/O Huesel, C/O Loiler, Lt. Ruiz, and C/O Rodriguez for denying housing on the first tier; and deliberate indifference against C/O Franco, C/O Cardoza, C/O Mayes, C/O Mendoza, and P/A Street for denying medical

7

treatment.  Plaintiff was granted 30 days within which to amend the complaint.  On August 14, 2009, Plaintiff filed his amended complaint.  (Doc. # 39.)

## STANDARD OF REVIEW

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  Accordingly, the court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).  A pro se litigant must be given leave to amend a complaint before dismissal of the action, unless it is clear that the deficiencies of the complaint could not be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question.  Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  However, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted).  The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

I.   ADA Claim

In the July 28, 2009 Order, Plaintiff's ADA claims were dismissed with leave to amend.  The Court determined that Plaintiff did not allege that he was excluded from a program because of his disability nor did he specifically allege who violated the ADA.  The Plaintiff did not re-allege the claim in this amended complaint, and consequently the claim is waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

II.     Deliberate Indifference Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff claims that the Defendants acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

To maintain a deliberate indifference claim, a prisoner must show persons acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. Furthermore, Plaintiff must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGukin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Generally, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's action in

10

light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at at 1061.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Besides showing the "unnecessary and wanton infliction of pain," plaintiffs must show (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F. 3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104). The harm need not be substantial, although "such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. (citing Estelle, 429 U.S. at 104).

    A.    Denying Plaintiff a Cane

        1.    P/A Street, Sgt. Hughes, Lt. Ruiz, and C/O Loiler

This Court previously established that Plaintiff states a cognizable deliberate indifference claim against P/A Street, C/O Hughes, Lt. Ruiz, and C/O Loiler for denying Plaintiff use of a cane. (IFP Order at 8.) As such, the Court will not revisit those issues here.

        2.    C/O Franco

This Court in its last order, stated that the Plaintiff failed to state a claim against C/O Franco. (July 28, 2009 Order at 12.) Plaintiff asked C/O Franco

for a cane, prompting C/O Franco to ask C/O Loiler if Plaintiff could be given a cane.  C/O Loiler denied Plaintiff's request.  This evidence is not sufficient to establish that C/O Franco exhibited deliberate indifference to Plaintiff's request.  C/O Loiler alone denied Plaintiff's request and, therefore, Plaintiff has only stated a cognizable claim against C/O Loiler.

Plaintiff argues that under the Rules and Regulations of the Department of Corrections and Rehabilitation that each employee, "regardless of his...assignment is responsible for the safety" of the inmates confined in their institution.  15 California Code of Regulations § 3271 (2008) (hereinafter "CCR").  Although each employee is responsible for his actions, C/O Franco did attempt to attain a cane for the Plaintiff, and consequently did not act to the level of deliberate indifference as required.  As such, Plaintiff's claim against C/O Franco for denying use of a cane has not been cured of its deficiencies and is DISMISSED.

  B. <u>Denying Plaintiff Housing on the First Tier</u>

    1. <u>C/O Mayes, C/O Huesel, C/O Loiler, Lt. Ruiz, and Lt. Rodriguez</u>

This Court previously established that Plaintiff states a cognizable deliberate indifference claim against C/O Mayes, C/O Huesel, C/O Loiler, Lt. Ruiz

and Lt. Rodriguez for denying Plaintiff housing on the first tier. (IFP Order at 6; July 28, 2009 Order at 12-13.) As such, the Court will not revisit those issues here.

### 2. C/O Franco

In the Court's preceding Order, the Court declared that C/O Franco did not act to the requisite level of deliberate indifference. The claim was dismissed with leave to amend. The Plaintiff chose not to re-allege the claim in this amended complaint, and consequently the claim is considered waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's claim against C/O Franco for denying housing on the first tier is therefore DISMISSED.

## C. Denying Medical Treatment

This Court previously established that Plaintiff states a cognizable deliberate indifference claim against C/O Franco, C/O Cardoza, C/O Mayes, and C/O Mendoza for not transporting Plaintiff to medical after his falls. (IFP Order at 7 and 10.) The Court also established that the Plaintiff states a cognizable claim against P/A Street for refusing to dispense medication to and examine the Plaintiff. As such, the Court will not disturb its previous findings. (July 28, 2009 Order at 14.)

D.      Deliberate Indifference to "Inmate Escort Policy"

Plaintiff claims that C/O Braga acted with deliberate indifference when she did not comply with the "inmate escort policy" by refusing to escort Plaintiff upstairs. The Operations Manual for the Department of Corrections and Rehabilitation reads that "[t]he escorting staff member <u>should</u> be approximately 12 to 18 inches diagonally behind the inmate . . . ." (emphasis added). (Doc. # 39, attached to Compl. as Ex. 4). The manual further states that "[t]he escorting staff member <u>may</u> hold on to the restraints of the inmate (depending on inmate's . . . history . . . .)" (emphasis added). <u>Id.</u> However, the manual also mandates that "escorts shall be conducted as security and custody classification dictate." <u>Id.</u> According to the memorandum submitted, Plaintiff's inmate custody designation was "Maximum Custody." (Doc. #39, attached to Compl. as Ex. 1). This designation requires that "[a]n inmate designated as Maximum Custody <u>shall</u> be under the direct supervision and control of custody staff." (emphasis added). 15 CCR § 3377.1.

In light of Plaintiff's custody designation and C/O Braga's prior knowledge of Plaintiff's medical disability, C/O Braga should not have (1) ordered Plaintiff up the flight of stairs alone, and (2) forced him to climb a stairs in handcuffs, knowing that he will not be able to grasp the railing for assistance.

14

Although the purpose of the "inmate escort policy" is to maintain prison security and not to prevent inmate injuries, the fact remains that if C/O Braga would have followed the policy and kept Plaintiff under her "direct supervision and control[,]" Plaintiff may not have sustained the injuries that he suffered. See Farmer v. Brennan, 511 U.S. at 837.

        This Court first addressed the deficiencies in this claim by dismissing the claim and directing the Plaintiff to amend. Plaintiff has cured the specific deficiencies previously noted, in this amended complaint. The Court construes Plaintiff's claim to allege that he was not escorted at the time of his fall as required by prison policy, and that because of his medical history, and placement of mechanical restraints, and consequent inability to grasp the handrail, the lack of escort and assistance could have caused his fall if Plaintiff's allegations are proven. C/O Braga, therefore, did (1) act in excessive risk of Plaintiff's well-being and (2) violate prison policy. As such, Plaintiff does state a cognizable claim against C/O Braga.

    E.    Claims Against Warden Moore

        This Court dismissed the previous claims against Warden Moore with leave to amend, due to vague and conclusory nature of the allegations. Plaintiff chose not to re-allege any claims against the Warden. Therefore all such claims are

deemed waived.  Plaintiff's claims against Warden Moore are therefore DISMISSED.  See King v. Atiyeh, 814 F.2d at 567.

III.     Claim Against the California Department of Corrections & Rehabilitation

In the previous order, this Court explained to Plaintiff that to state a claim under § 1983, a plaintiff must sue a "person" who, acting under color of state law, violated the plaintiff's constitutional rights.  42 U.S.C. § 1983.  A "person," for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights.  In that Order the Court explained how a suit may be brought against a municipality, however, it is apparent at this juncture that no municipality is at issue here.

A suit against the CDCR, a state department, is considered to be a suit against the State of California, which is generally barred by the Eleventh Amendment.  E.g., Shaw v. State of Cal. Dep't Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).  A suit for damages against a state official in his or her official capacity is likewise barred by the Eleventh Amendment.  Id.  A plaintiff may, however, bring suit against a state official in his or her official capacity for prospective injunctive relief.  Id.  In this case, Plaintiff seeks only damages for pain and suffering, emotional distress, medical expenses, and punitive damages.  (Am. Compl. at 37-38.)  Plaintiff does not request injunctive relief

16

against a state official acting in his or her official capacity. Accordingly, Plaintiff's claim against CDCR must be DISMISSED as barred by the Eleventh Amendment.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's deliberate indifference claim against C/O Franco for denying use of a cane and for denying housing on the first tier, all claims against Warden Moore, claim against the CDCR, and all claims under the ADA are DISMISSED.

2. Service is appropriate for the following Defendants: C/O Franco, C/O Braga, P/A Street, Sgt. Hughes, Lt. Ruiz, C/O Loiler, C/O Mayes, C/O Huesel, C/O Cardoza, C/O Mendoza, and C/O Rodriguez.

3. The Clerk of the Court shall send Plaintiff eleven USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed August 14, 2009.

4. Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

  a. The completed Notice of Submission of Documents;

  b. One completed summons;

  c. One completed USM-285 form for each defendant listed in number 2 above; and

  d. Twelve copies of the endorsed amended complaint filed August 14, 2009.

5. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  DATED: Honolulu, Hawaii, December 7, 2009.



  _____
  David Alan Ezra
  United States District Judge

Bejaran v. California Department of Corrections Rehabilitation, et al., No. CIV. S-08-00817 DAE; ORDER AND ORDER DISMISSING IN PART PLAINTIFF'S AMENDED COMPLAINT