IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE BEJARAN, | ) | No. CIV. S-08-00817 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF | ) | |
| CORRECTIONS REHAB., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

This Court finds this matter suitable for disposition without a hearing. On January 8, 2010, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. # 44.) Upon review of the motion and supporting memoranda, the Court **DENIES** Plaintiff's motion for the reasons set forth below.

BACKGROUND

On August 14, 2009, state prisoner Jesse Bejaran ("Plaintiff"), proceeding pro se, filed an amended prisoner civil rights complaint ("Amended Complaint"). (Doc. # 39.) In his Amended Complaint, Plaintiff alleges that employees at the Deuel Vocational Institution in Tracy, California were

deliberately indifferent to his serious medical needs.  On December 7, 2009, the Court screened Plaintiff's Amended Complaint, dismissed certain portions of the complaint, and directed service on certain correctional officers and physician assistants (collectively, "Individual Defendants").  (Doc. # 42.)  The Court, in liberally construing Plaintiff's claim, determined that Plaintiff had pled a legally cognizable claim against certain Individual Defendants for allegedly denying Plaintiff use of a cane, denying Plaintiff housing on the first tier, denying certain medical requests, and requiring Plaintiff to walk up stairs without assistance or supervision.

On January 8, 2010, Plaintiff filed the instant Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction.  (Doc. # 44.)

## STANDARD OF REVIEW

The standard for granting a preliminary injunction and the standard for granting a TRO are identical.  "[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008).  In order to obtain a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

tips in his favor, and that an injunction is in the public interest." Id. at 365 (citation omitted).

## DISCUSSION

Plaintiff asks this Court to enjoin Individual Defendants and "all other persons acting in concert" from transferring Plaintiff to the Deuel Vocational Institution ("DVI") upon Plaintiff's parole.  (Mot. at 1.)  Plaintiff requests a "courtesy parole" to a different location.  (Id. at 2.)

Plaintiff requests this injunction so that Plaintiff will not "[have] to be transferred to [DVI], which is the occupation [sic] of all the Defendants whom this claim is filed against." (Id.)  Essentially, Plaintiff does not want to transfer to the same facility at which Individual Defendants are employed.  Plaintiff claims that because Individual Defendants were allegedly indifferent to his medical needs in the past, he will certainly suffer medical harm should he be transferred to DVI upon parole.  The specific action he seeks to enjoin here, however, is the transfer and not any purported indifference.

That harm may be caused to Plaintiff upon transfer to DVI is entirely speculation, and the Court may deny Plaintiff's motion in this basis alone.  Plaintiff has offered absolutely no evidence that he is likely to suffer irreparable injury upon transfer.  Upon a motion for a temporary restraining order or preliminary

injunction, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009). Plaintiff offers only conclusory allegations that staff at DVI will cause him serious medical harm, and to support this conclusion Plaintiff refers only to his pending complaint against Individual Defendants.

This motion also does not properly lie against Individual Defendants, who are the only remaining defendants in Plaintiff's underlying action. Individual Defendants are not in charge of Plaintiff's transfer. Plaintiff's alleged injury, the unwanted transfer, cannot be fairly traceable to any action of Individual Defendants.

The Court further notes that the underlying court action has been pending for some time and there is no imminent action in that matter for this Court to enjoin.

Moreover, this Court lacks jurisdiction to dictate to which facility Plaintiff is transferred to upon parole.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction.

DATED: Honolulu, Hawaii, January 13, 2010.



_____
David Alan Ezra
United States District Judge


Bejaran v. California Department of Corrections Rehabilitation, et al., No. CIV. S-08-00817 DAE; Order Denying Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction