IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE E. BEJARAN, #F-81663,<br><br>      Plaintiff,<br><br>  vs.<br><br>BRIAN K. LUETH, et al.,<br><br>      Defendants.<br>_____ | CIV. NO. 2:08-000817 DAE |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND
MOTION FOR LEAVE TO FILE SUPPLEMENT COMPLAINT

After reviewing Plaintiff's motions and the supporting memoranda, the Court DENIES Plaintiff's Motion for Appointment of Counsel and DENIES Plaintiff's Motion for Leave to File Supplement Complaint.  (Docs. 46 & 47.)

BACKGROUND

On April 14, 2008, Plaintiff Jesse Bejaran, at that time a state inmate proceeding pro se, filed the original complaint in this action pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that thirty-eight employees of the California Department of Corrections and Rehabilitation ("CDCR"), located at the Deuel Vocational Institute in Tracy, California ("DVI Tracy") violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs.  Specifically, Plaintiff alleged that Defendants at DVI Tracy denied Plaintiff the use of a cane

and housing on the first tier of the prison, and ignored DVI Tracy's "hands on" inmate escort policy, resulting in Plaintiff's falling and injuring himself. Plaintiff claimed that various Defendants then denied him medical treatment and medication. Plaintiff also alleged that Defendants' conduct violated the Americans with Disabilities Act ("ADA"), and state law. Plaintiff's original complaint was dismissed for failure to adequately state a claim, with leave granted to amend. (Doc. 6.) Plaintiff was later transferred from DVI Tracy to California State Prison, Corcoran.[1] Plaintiff has since filed numerous amended complaints in an attempt to adequately present his claims.

On July 29, 2009, this Court dismissed Plaintiff's Fourth Amended Complaint in part, again with leave to amend. (Doc. 37.) On August 14, 2009, Plaintiff filed a Fifth Amended Complaint. (Doc. 39.) On December 8, 2009, this Court screened the Fifth Amended Complaint, dismissed all claims against the CDCR, Warden S.R. Moore, all ADA claims, and certain claims against C/O Franco. (Doc. 42.) The Court ordered service upon Defendants Franco, Braga, Street, Hughes, Ruiz, Loiler, Mayes, Huesel, Cardoza, Mendoza, and Rodriguez.

---

[1]Although unclear, it appears Plaintiff was transferred to Corcoran sometime between January and February 2008.

On February 16, 2010, Plaintiff moved to supplement the Fifth Amended Complaint, in effect amending it, and for appointment of counsel. (Docs. 46 & 47.) As has been the case throughout this litigation, Plaintiff's newly submitted facts are difficult to discern. Plaintiff seeks to add claims alleging that Corcoran employees Nurse Practitioner Josephine Bondoc, Doctor Neubarth, Doctor Edgar Clark, Nurse Garret, Nurse Veronica, Doctor Kim, and Sargent Mason acted with deliberate indifference to Plaintiff's serious medical needs. Specifically, Plaintiff alleges Defendants Bondoc, Neubarth, Clark, Garret, Veronica, Kim, and Mason refused to provide Plaintiff medical care for his lower back and hip injury since his transfer to Corcoran. In addition, Plaintiff alleges that Defendants Neubarth and Clark discontinued Plaintiff's medical disability status.

## DISCUSSION

In the context of a prisoner's suit in federal court, proposed amendments, or "supplements," to the complaint must be viewed in light of the restrictions imposed by 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act of 1996 (PLRA). The restrictions on prisoner suits imposed by the PLRA include: full payment of the filing fee through partial payments as authorized by statute, (section 1915(b)(1-2)); review and summary disposition of

any claim or action that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief against persons immune from such relief, (section 1915(e)(2)(B)(ii-iii)); administrative exhaustion of all claims, (42 U.S.C. § 1997e(a)); and a "three strike" provision which prevents a prisoner from proceeding in forma pauperis if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief.

Despite the liberality that normally controls amendments to a complaint, there are numerous reasons counseling against granting Plaintiff's motion to proceed. First, Plaintiff's proposed supplements to the Fifth Amended Complaint adds new claims that allegedly occurred between March 16, 2009, through January 13, 2010, sixteen months after Plaintiff's fall at DVI Tracy that forms the basis for this action, and occurred approximately one year after Plaintiff filed the original complaint in this action. Section 1997e(a) of Title 42, United States Code requires full exhaustion of all administrative remedies before commencing any action with respect to prison conditions. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (holding PLRA requires exhaustion of administrative remedies prior to filing suit). It is clearly impossible for Plaintiff to have grieved these new claims before he commenced this action, as

required by the PLRA.  These new claims would thus be subject to a motion to dismiss, and allowing their amendment to this suit would be futile.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (recognizing that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend").

Second, the proposed supplements to the Fifth Amended Complaint allege claims against seven new defendants that occurred at Corcoran prison, sixteen months after the relevant transactions and occurrences alleged in Plaintiff's Fifth Amended Complaint.  Under Rule 18, which governs joinder of claims, a plaintiff may bring multiple claims, related or not, against a single defendant in the same lawsuit.  See Fed. R. Civ. P. 18(a).  Under Rule 20, which governs joinder of parties, a plaintiff may join defendants if: (1) any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction or series of transactions; and (2) there is a common question of law or fact to all defendants.  See Fed. R. Civ. P. 20(a)(2)(A) & (B).  Unrelated claims against unrelated defendants belong in different suits.  See Aul v. Allstate Life Ins. Co., 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action.").  In evaluating Rule 20, courts consider factors including similarities in the factual backgrounds of claims, whether the claims arose from a systematic

5

pattern, and whether a definite logical relationship exists between the claims. Bautista v. Los Angeles County, 216 F.3d 837, 842-43 (9th Cir. 2000) (quoting Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) and Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960)).

      Plaintiff's claims against the Corcoran Defendants do not involve the same transaction and occurrence and fail to raise legal or factual issues in common with Plaintiff's claims against the DVI Tracy Defendants.  The Corcoran and DVI Tracy facilities are two separate and distinct facilities.  Plaintiff's claims at each facility arose from two separate and distinct time periods with no overlap; the first set from November 2007 to January 2008 and the second set from January 2009 to January 2010.  See Harris v. Lappin, No. EDCV 06-00664, 2009 WL789756, at *6 (March 19, 2009) (unpublished) (disallowing joinder of claims challenging confinement conditions at two separate facilities because organizationally and physically distinct and events giving rise to claims did not overlap in time).

      The mere fact that Plaintiff's claims arise under the same general law does not necessarily establish a common question of law or fact among Plaintiff's claims.  See Coughlin v. Rogers, 130 F.3d 1348, 1351(9th Cir 1997).  The DVI Tracy Defendants and the Corcoran Defendants each present a different factual

situation and must be viewed in a separate and individual light by the Court.  The claims do not involve common questions of law or fact.

Although a court liberally construes a pro se litigant pleading, Plaintiff must still comply with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  This not only prevents the sort of morass produced by multiple claim, multiple defendant suits, but also ensures that prisoners pay the required filing fees under the PLRA, and deters prisoners from filing frivolous lawsuits and appeals with impunity.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Patton v. Jefferson Corr'l Ctr, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Moreover, because Plaintiff's proposed "supplement" fails to reallege Plaintiff's original claims against Defendants Mayes, Huesel, Braga, Loiler, Cardoza, Mendoza, Street, Hughes, Ruiz, and Rodriguez, those claims would be effectively dismissed if this amendment were allowed.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (stating that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint" because the dismissed complaint becomes nullity upon filing of amended complaint).

The Court makes no determination on whether Plaintiff has adequately pled allegations against the seven new defendants, except to hold that Plaintiff's new claims are unrelated to Plaintiff's Fifth Amended Complaint, and may not be alleged in this suit.  Plaintiff may pursue these claims in a separate action or actions.  The Court will not permit Plaintiff to expand the scope of this litigation by adding unexhausted, unrelated claims that occurred after Plaintiff filed the original Complaint, at a different facility and different time, naming new, unrelated defendants.  Accordingly, Plaintiff's motion to supplement is DENIED.

Plaintiff also requests appointment of counsel.  Plaintiff's eight previous requests for appointment of counsel were denied.  Because Plaintiff still does not present exceptional circumstances requiring the appointment of counsel, and for the reasons stated in those previous orders, Plaintiff's motion for appointment of counsel is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Appointment of Counsel and DENIES Plaintiff's Motion for Leave to File Supplement Complaint.

The Clerk is DIRECTED to note in the docket that the proposed Supplement Complaint does not supercede the Fifth Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 12, 2010.



_____
David Alan Ezra
United States District Judge

Bejaran v. Lueth, et al., No. CIV. 2:08-00817 DAE; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LEAVE TO FILE SUPPLEMENT COMPLAINT