IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE E. BEJARAN, #F-81663 | ) | CIV. NO. 2:08-00817 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN K. LUETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING PLAINTIFF'S MOTION TO REOPEN OR
REINSTATE; (2) GRANTING PLAINTIFF'S MOTION TO FILE A LATE
APPEAL; (3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF
COUNSEL; AND (4) DENYING PLAINTIFF'S REQUEST FOR ORDER
GRANTING ACCESS TO LAW LIBRARY

On December 01, 2010, Plaintiff filed the instant Motion to Reopen or

Reinstate.  After reviewing the motion and its supporting documents, the Court

DENIES Plaintiff's Motion to Reopen or Reinstate, GRANTS Plaintiff's Motion to

File a Late Appeal, DENIES Plaintiff's Request for Appointment of Counsel, and

DENIES Plaintiff's Request for Order Granting Access to Law Library.  (Doc. #

67.)

BACKGROUND

The Court has recounted the facts of this case extensively in prior

Orders.  (Docs. ## 42, 52, 65.)  Jesse E. Bejaran, ("Plaintiff") was a prisoner at the

Deuel Vocational Institution ("DVI"), under the custody of the California

Department of Corrections and Rehabilitation ("CDCR") at the time the original

Complaint was filed on April 14, 2008.  (Doc. # 1; Doc. # 39 at 11.)  On August

14, 2009, Plaintiff filed his Fifth Amended Complaint while incarcerated at

Corcoran State Prison ("Corcoran").  (Doc. # 39 at 11.)  In an order filed on

December 8, 2009, the Court screened the complaint, construing it liberally, and

allowed certain deliberate indifference claims against Lt. Ruiz, Lt. Rodriguez, P/A

Street, C/O Hughes, C/O Mayes, C/O Huesel, C/O Loiler, C/O Franco, C/O

Cardoza, C/O Mendoza, and C/O Braga (collectively "Defendants") for varying

incidents.  (Doc. # 42 at 17.)  The four claims, all from Plaintiff's incarceration at

DVI, consisted of: (1) denied use of a cane; (2) denied housing on the first tier; (3)

denial of medical treatment and medication after his fall down the stairs; and (4)

lack of adherence to the CDCR's inmate escort policy.  (Id. at 2.)  The Court

dismissed the claims against Warden Moore, CDCR, and those under the ADA.

(Id. at 17.)

          On May 24, 2010, Defendants filed a Motion to Dismiss For Failure

to Exhaust Administrative Remedies ("Motion to Dismiss").  (Doc. # 54 at 2.)  On

July 23, 2010, the Court signed an Order Granting Defendants' Motion to Dismiss.

(Doc. # 65.)  The Court concluded that given that Plaintiff had previously been

allowed to file five amended complaints in the instant case, further amendment would be futile, and the clerk of the court was directed to enter judgment in favor of all Defendants.  (Id.)

On December 1, 2010, Plaintiff filed a Motion to Reopen or Reinstate his case ("Motion"), requesting that the Court allow Plaintiff to proceed in the instant action.  ("Mot.," Doc. # 67.)  The Court also construes Plaintiff's Motion as a Motion to File a Late Appeal.  (Id. at 1–2.)  Within Plaintiff's Motion, he also filed a Request for Appointment of Counsel (Mot. at 2), and a Request for a Court Order to Attend the Law Library (Mot. at 5).  On the same day, Plaintiff filed a Notice of Change of Address, indicating that he is currently incarcerated in San Quentin, California.  (Doc. # 68.)

## DISCUSSION

## I.    Motion to Reopen or Reinstate

In Plaintiff's Motion, he states that he has not received any notice or decision from the Court as to Defendants' Motion to Dismiss, and that he "assume[s] this case has been dismissed for failure to exhaust administrative remedies," thus requesting the Court allow him an opportunity to reopen his case. (Mot. at 1–2.)  The Court construes Plaintiff's Motion as a request for relief,

pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b), from the Court's July 23, 2010 Order Granting Defendants Motion to Dismiss.

FRCP 60(b) grants district courts discretion to relieve a party from a judgment or order only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. No. 1J, v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  FRCP 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853–54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Under FRCP 60(b)(1)[1], a court may "relieve a party or a party's legal representative from final judgment, order or proceeding" . . . based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1); see also Engleson v. Burlington Northern Railroad Co., 972 F.2d 1039, 1043 (9th Cir.

---

[1] Plaintiff does not indicate under what provision of FRCP 60(b) relief is warranted.  However, Plaintiff alleges no facts arising under FRCP 60(b)(2)-(5), thus the Court construes Plaintiff's Motion as under 60(b)(1).

1992) ("To qualify for relief under Rule 60(b)(1), the movant must demonstrate

mistake, inadvertence, surprise, or excusable neglect.") (quotations and citation

omitted).  The Ninth Circuit has made clear that "[n]either ignorance nor

carelessness on the part of the litigant or his attorney provide grounds for relief

under Rule 60(b)(1)."  Id.  A motion under Rule 60(b)(1) must be made within a

"reasonable time."  Fed. R. Civ. P. 60(c)(1).  FRCP 60(b) "guides the balance

between the overriding goal of deciding cases correctly, on the basis of their legal

and factual merits, with the interest of both litigants and the courts in the finality of

judgments."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir.

2001) (citing Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985)).

Plaintiff's primary factual arguments in support of his Motion are that

he did not receive notice of the judgment entered against him, and that he is

mentally and emotionally unstable and depressed.  See (Mot. at 1–5.)  Plaintiff also

states that his last filing in this case was a response with exhibits filed in May

2010.  (Mot. at 1.)  First, Plaintiff's statement that his last filing was in May 2010

is incorrect.  On June 8, 2010, Plaintiff filed a Motion for Extension of Time to file

a response to Defendants' Motion to Dismiss (Doc. # 55), which was then granted

by the Court (Doc. # 56).  Plaintiff then filed his Opposition to the Motion to

Dismiss on July 9, 2010 (Doc. # 59), along with a Notice of Change of Address (Doc. # 60) and a Motion to Appoint Counsel (Doc. # 61).

The Court granted Defendants' Motion to Dismiss, and on July 23, 2010, judgment was entered in favor of Defendants pursuant to the Court's Order. The Court's records indicate that Plaintiff's July change of address was received, and that on July 26, 2010, the Court mailed to Plaintiff both the Order Granting Defendants' Motion to Dismiss (Doc. # 65) and the judgment in the case (Doc. # 66). The copies that were mailed to Plaintiff were not returned to the Court as undeliverable.

Further, despite having the duty to prosecute his case, Plaintiff failed to inquire into the status of this action until almost five months after judgment was entered. Only after almost five months passed, once Plaintiff was re-incarcerated, did he file the instant Motion. Moreover, Plaintiff's change of address notice indicates that at the time the Motion to Dismiss was decided, Plaintiff was out of jail. He therefore had the ability to seek information about the status of his case in numerous different ways, including visiting the local courthouse. Plaintiff offers no explanation for why he did not check into the progress or status of the case until approximately five months after judgment had been entered, and has not set forth any evidence that shows he has been diligent about prosecuting this case. Thus,

the Court finds that Plaintiff's Motion was not made in a reasonable time, given the factual circumstances present.  <u>See</u> Fed. R. Civ. P. 60(c)(1).

As to Plaintiff's mental condition, he alleges that he "has been effected by his mental disorder and unable to effectively respond if needed to this case."  (Mot. at 2.)  The Court notes, however, that Plaintiff has previously been capable of filing multiple complaints, oppositions to motions, and other filings in the instant case.  Plaintiff has failed to demonstrate any substantial change in his mental facilities between the time of his last filing with the Court on July 9, 2010, and the time of the instant Motion.  Thus, the Court finds Plaintiff's claim of mental disability to be insufficient to meet the requirements of FRCP 60(b).  <u>See</u> <u>Gomez v. California</u>, No. CV 05-652 LJO, 2010 WL 347894, at *2 (E.D. Cal. Jan. 22, 2010).

The Court additionally notes that it has been extremely lenient with Plaintiff throughout the case, granting him five opportunities to amend his Complaint, and allowing for various extensions of time to file documents with the Court.  Based on the facts before it, the Court cannot say that Plaintiff has demonstrated facts to establish relief under FRCP 60(b), and fails to show good cause for reopening this case in the district court.  For these reasons, Plaintiff's Motion to Reopen or Reinstate is DENIED.

II.    <u>Motion to File a Late Appeal</u>

       Plaintiff also indicates in his Motion that "to [his] knowledge, [he] has ten days to file an appeal, or the case is forever dismissed," thus he requests that the Court allow him an opportunity to "redress" because he received no notice of a dismissal. (Mot. at 1–2.) Affording Plaintiff a liberal reading of his Motion, the Court construes this request as a Motion to File a Late Appeal, pursuant to Federal Rule of Appellate Procedure 4(a). Specifically, because Plaintiff's request for time to file an appeal is based on the fact that he failed to learn that judgment was entered, Fed. R. App. P. 4(a)(6) governs.

       "Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." <u>Mitchell v. Burt Vetterlein & Bushnell P.C. (In re Alexander)</u>, 197 F.3d 421, 425 (9th Cir. 2000) (as amended) (quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)). Fed. R. App. P. 4(a)(6) provides that:

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under

Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(c) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Together, Fed. R. App. P. 4(a) and Fed. R. Civ. P. 77(d) "form a tessellated scheme."  In re Alexander, 197 F.3d at 426.  "A district court may not vacate its earlier judgment to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal."  Id. at 425.  "Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period."  Id. (quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)).

Plaintiff has declared under penalty of perjury that he did not receive a copy of this Court's July 23, 2010 Order Granting Defendants' Motion to Dismiss. (Mot. at 1; Doc. # 69.)  Defendants have filed nothing in opposition to this motion to counter Plaintiff's declaration that he never received a copy of the Order.  This satisfies the first prong on Fed. R. App. P. 4(a)(6).  The instant motion was filed within 180 days after the Court denied the motion for reconsideration, satisfying the second prong of Fed. R. App. P. 4(a)(6).  Finally, Defendants do not argue that they will suffer prejudice, should the Court grant Plaintiff's motion to reopen time.

The Court finds, therefore, that Plaintiff has satisfied the requirements of Fed. R. App. P. 4(a) to reopen time to file his appeal.

Accordingly, the Court GRANTS Petitioner's Motion to File a Late Appeal.  Plaintiff is given fourteen days from the date of the filing of this Order to file a timely notice of appeal in this Court.  <u>See</u> Fed. R. App. P. 4(a)(6).  Plaintiff's notice of appeal will be deemed timely if it is deposited in the prison's internal mail system on or before the last day for filing.[2]  <u>See</u> Fed. R. App. P. 4(c)(1).  However, in light of Plaintiff's lengthy litigation history in the instant action and failure to diligently prosecute this case during the time he was out of prison, and pursuant to Part I of this Order, Plaintiff shall not be allowed to file anything further in this action other than the notice of appeal.

III.   <u>Request for Appointment of Counsel</u>

In Plaintiff's Motion, he states that he "requests this court to provide him opportunity to represent himself in this complaint effectively, and/or appoint him counsel to do so, due to his extreme circumstances."  (Mot. at 2.)  He further requests that he be allowed to receive "counsel by the courts," and requests that the court "consider this motion and appoint counsel."  (<u>Id.</u> at 4.)

---

[2] Under the "mailbox rule," a prisoner's legal document is deemed filed on the date the prisoner delivers it to prison officials for mailing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

Upon review of the record, it appears that this is Plaintiff's tenth request for appointment of counsel.  In the Court's most recent order on this matter, dated July 16, 2010, the Court found that Plaintiff largely reiterated the same arguments and did not present exceptional circumstances requiring the appointment of counsel.  (Doc. # 63.)

Plaintiff's current motion does not add any additional meaningful information to the motions already ruled upon and denied by the court, and thus fails to demonstrate exceptional circumstances that warrant appointment of counsel.  Therefore, Plaintiff's tenth request for appointment of counsel is DENIED for the reasons set forth in this Court's prior orders.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989); (Doc. # 6 at 12).

IV.   Plaintiff's Request for Order Granting Access to Law Library

Plaintiff, in his Motion, additionally requests a "Court order to attend the law library here in San Quentin State Prison.  I've put in requests and not yet have gone to the library, nor has anyone else in my building."  (Mot. at 5.)  The Court construes Petitioner's request as one for a preliminary injunction.  To obtain a preliminary injunction, a party must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships

tips sharply in its favor.  First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir. 1987).

A prisoner alleging an access to the courts violation must demonstrate that he has suffered or will imminently suffer actual injury.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2179 (1996).  "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense."  Id. at 2180.  The inmate must show that the library "hindered his efforts to pursue a legal claim."  Id.  To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id. at 2181.

Plaintiff has failed to demonstrate that he suffers actual injury as a result of his restricted access to the law library.  Plaintiff's statement that he and everyone in his building has not received law library access is a generalized allegation that fails to demonstrate imminent or actual injury, as required by Lewis v. Casey.  Simply the fact that Plaintiff is detained and has restricted access to the law library does not entitle him to a preliminary injunction by this Court.  See Lewis, 116 S. Ct. at 2180.  There is nothing to suggest that Plaintiff is receiving no access to the law library or access to the law library that differs from all inmates at San Quentin.  Therefore, Plaintiff has failed to demonstrate that he is in imminent

danger of suffering irreparable injury, and cannot prevail on his motion for a preliminary injunction.  Accordingly, Plaintiff's Request for Order Granting Access to Law Library is DENIED.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Plaintiff's Motion to Reopen or Reinstate, GRANTS Plaintiff's Motion to File a Late Appeal, DENIES Plaintiff's Request for Appointment of Counsel, and DENIES Plaintiff's Request for Order Granting Access to Law Library.  (Doc. # 67.)  Additionally, Plaintiff requests that the Court provide him with a copy of his Complaint and exhibits due to the fact that he has lost his belongings.  (Mot. at 4.)  The Clerk of Court is hereby DIRECTED to:

1.     provide Plaintiff with a copy of this Court's July 23, 2010 Order Granting Defendants' Motion to Dismiss (Doc. # 65), as well as a copy of the instant Order.

2.     serve a copy of this order on the Ninth Circuit.

3.      docket any further pleadings, motions, documents, exhibits, etc.
        submitted by Plaintiff in this action, other than a notice of appeal, as
        "requests" or "correspondence."

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, July 15, 2011.



_____
David Alan Ezra
United States District Judge

<u>Bejaran v. Lueth et al.</u>, CV No. 2:08-00817 DAE; ORDER: (1) DENYING
PLAINTIFF'S MOTION TO REOPEN OR REINSTATE; (2) GRANTING
PLAINTIFF'S MOTION TO FILE A LATE APPEAL; (3) DENYING
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; AND (4)
DENYING PLAINTIFF'S REQUEST FOR ORDER GRANTING ACCESS TO
LAW LIBRARY